

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, 7th floor          973-645-2700
Newark, New Jersey 07102


August 18, 2025

Areeb Salim, Esq.
Office of the Federal Public Defender
1002 Broad Street
Newark, New Jersey 07102


   Re: Plea Agreement with Tawan Hatten  25-634

Dear Mr. Salim:

  This letter sets forth the plea agreement between your client, Tawan Hatten, and the United States Attorney's Office for the District of New Jersey ("this Office"). This offer will expire on August 18, 2025, if it is not accepted in writing by that date. If Hatten does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charge

  Conditioned on the understandings specified below, this Office will accept a guilty plea from Hatten to an Information, which charges Hatten with one count of possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). As part of this agreement, this Office will also accept a guilty plea from Hatten to Violation 2 of the violation petition pending in Criminal Number 21-155, which alleges that on or about January 19, 2024, Hatten committed a Grade B violation of the terms of his supervision by committing another federal, state, or local crime, namely, by committing the offense charged in the Information.

  If Hatten enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Hatten for his possession of a firearm or ammunition on or about January 19, 2024, or for conspiring to distribute, distributing, or possessing with intent to distribute controlled substances from on or about January 9, 2024, through on or about January 19, 2024. Moreover, at sentencing, this Office will move to dismiss the remaining violations of supervised release charged in the violation petition.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Hatten even if the applicable statute of limitations period for those charges expires after Hatten signs this agreement, and Hatten agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 922(g)(1) to which Hatten agrees to plead guilty in the Information carries a statutory maximum prison sentence of 15 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The Grade B violation of supervised release to which Hatten agrees to plead guilty carries a statutory maximum prison sentence of two years.

The prison sentences on the Information and the violation of supervised release may run consecutively to each other and to any prison sentence Hatten is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Hatten is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Hatten ultimately will receive.

Further, in addition to imposing any other penalty on Hatten, the sentencing judge as part of the sentence:

(1)   will order Hatten to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)   must order forfeiture, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461;

(3)   pursuant to 18 U.S.C. § 3583, may require Hatten to serve a term of supervised release of not more than three years, which will begin at

the expiration of any term of imprisonment imposed. Should Hatten be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Hatten may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release; and

(4)   pursuant to 18 U.S.C. § 3583, the Court may require Hatten to serve an additional term of supervised release as a result of the violation of supervised release up to three years, less any term of imprisonment imposed upon revocation.

Forfeiture

As part of Hatten acceptance of responsibility, and pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), Hatten agrees to forfeit to the United States all right, title, and interest, if any, in the following items seized on or about January 19, 2024: one privately manufactured 9mm firearm and 28 rounds of 9mm ammunition (collectively, the "Specific Property").

Hatten acknowledges that the Specific Property is subject to forfeiture as firearms or ammunition involved in or used in the violation of 18 U.S.C. § 922(g) charged in the Information.

Hatten waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), Hatten consents to the entry of a forfeiture order that, in the Office's discretion, may be final as to the defendant prior to the defendant's sentencing. Hatten understands that criminal forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) is part of the sentence that may be imposed in this case and waives any failure by the court to advise Hatten of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. Hatten further understands that Hatten has no right to demand that any forfeiture of Hatten's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose in addition to forfeiture. Hatten waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

Hatten also consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 984. Hatten agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding

involving the Specific Property and will not cause or assist anyone else in doing so. To the extent Hatten has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are deemed withdrawn. Hatten further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States, its agent, or designee, and the execution of all necessary documentation.

Hatten further consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all of his right, title, and interest in the Specific Property; waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement; waives any additional notice requirement in connection with the forfeiture and/or abandonment of this property; and consents to the destruction of the forfeited and/or abandoned property at the discretion of federal, state, and/or local law enforcement.

<u>Rights of This Office Regarding Sentencing</u>

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Hatten by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Hatten's activities and relevant conduct with respect to this case.

<u>Stipulations</u>

This Office and Hatten will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Hatten waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

### Immigration Consequences

Hatten understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Hatten understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Hatten wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Hatten understands that he is bound by this guilty plea regardless of any immigration consequences. Accordingly, Hatten waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Hatten also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Hatten. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Hatten from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between Hatten and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

TODD W. BLANCHE
DEPUTY U.S. ATTORNEY GENERAL

ALINA HABBA
ACTING UNITED STATES ATTORNEY
SPECIAL ATTORNEY

By: SAMANTHA C. FASANELLO
Assistant U.S. Attorney

APPROVED:

ELAINE K. LOU
Deputy Chief, Criminal Division

I have received this letter from my attorney, Areeb Salim, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, violation of supervised release, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: 8/14/2025
Tawan Hatten

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, violation of supervised release, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: 8/14/25
Areeb Salim, Esq.
Counsel for Defendant

- 7 -

Plea Agreement With Tawan Hatten

Schedule A

1. This Office and Hatten recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2024, applies in this case.

3. The applicable guideline is U.S.S.G. § 2K2.1. This guideline carries a Base Offense Level of 14.

4. A four-level enhancement applies because Hatten possessed the ammunition in connection with another felony offense. *See* U.S.S.G. § 2K2.1(b)(6).

5. As of the date of this letter, Hatten has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Hatten's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

6. As of the date of this letter, Hatten has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Hatten's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Hatten enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Hatten's acceptance of responsibility has continued through the date of sentencing and Hatten therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Hatten's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

7. Accordingly, the parties agree that the total Guidelines offense level applicable to Hatten is 15 (the "Total Offense Level").

8. Neither party will argue for a total term of imprisonment below 36 months or above 43 months (the "Stipulated Range). The parties agree that a term of imprisonment within the range of 30 to 37 months' imprisonment for the offense charged in the Information, consecutive to a term of imprisonment of 6 months for the Grade B violation to which Hatten agrees to plead guilty, is reasonable considering all of the factors under 18 U.S.C. § 3553(a). The parties recognize, however, that the Stipulated Range will not bind the District Court.

9. If the District Court imposes a term of imprisonment within the Stipulated Range:

    a. This Office will not appeal any component of that sentence. The term "any component of that sentence" means the term of imprisonment, the term (and conditions) of supervised release, any fine, any restitution, any forfeiture, and the special assessment.

    b. Hatten will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify the judgment of conviction or any component of the sentence.

    c. These waiver provisions, however, do not apply to any component of the sentence that is below an applicable statutory minimum penalty or above an applicable statutory maximum penalty for Hatten's offenses of conviction.

10. These waiver provisions also do not apply to:

    a. Any proceeding to revoke the term of supervised release.

    b. A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    c. An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

11. Lastly, the parties have stipulated to certain facts above. The parties recognize that none of those stipulations bind the District Court. Furthermore, neither party will challenge at any time, using any means, the District Court's acceptance of a stipulated fact.